United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-10923
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT EUGENE JACKSON, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-347-1-P
--------------------

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Eugene Jackson, Jr., appeals from his resentencing following his guilty-plea conviction for using a facility of interstate commerce to entice a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). He argues that he was denied his right of allocution at his resentencing hearing. We review this issue de novo. See United States v. Myers, 150 F.3d 459, 461 (5th Cir. 1998). After examination of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resentencing transcript, we hold that the district court did not reversibly err in providing Jackson with his right of allocution. See <u>United States v. Delgado</u>, 256 F.3d 264, 279 (5th Cir. 2001); <u>Gordon v. United States</u>, 438 F.2d 858, 880-81 (5th Cir. 1971).

Jackson also challenges the extent of the upward departure imposed by the district court as excessive. He concedes the validity of the factors upon which the upward departure was based. Because the upward departure was within the statutory limit, the extent of the departure is reviewed only for a "gross abuse of discretion." <u>United States v. Laury</u>, 985 F.2d 1293, 1310-11 (5th Cir. 1993) (internal quotation marks and citations omitted). Because the upward departure in this case is comparable to others that this court has upheld, the district court did not commit a gross abuse of discretion in determining the extent of the departure. See <u>United States v. Daughenbaugh</u>, 49 F.3d 171, 174-75 (5th Cir. 1995); <u>United States v. Ashburn</u>, 38 F.3d 803, 809-10 (5th Cir. 1994)(en banc). Moreover, the instant departure was not sufficiently great that the district court was required to provide a detailed explanation of why lesser departure levels were inadequate. See <u>Ashburn</u>, 38 F.3d at 809.

Accordingly, the district court's judgment of conviction is AFFIRMED.